Ladue and M'Connelly vs. Hart.

A note of one of two partners cannot be set off against a partnership demand.

This was an action of assumpsit, tried at the Rensselaer circuit in November, 1828, before the Hon. William A. Duer, then one of the circuit judges.

Ladue was the owner of a sloop navigating the Hudson river, and M'Connelly in 1824, sailed her as master on the terms that M'Connelly should victual and man the sloop, and that the profits should be equally divided between them. During the season of 1824, a quantity of military stores were

transported in the sloop from New-York up the river at the request of Hart, the freight amounting to $123,73, which sum was received by Hart, from the person having charge of the stores, and for the recovery of it this action was brought.

On the part of the defendant it was shewn, that in February, 1826, the defendant became the holder of a note given by the plaintiff (M'Connelly) in February, 1823, whereby he promised to pay $284 in freight at fair prices, or $234 in cash, if the payee should so elect. When the note was transferred to the defendant, the sum of $84 was endorsed on the note as paid, and the defendant agreed to pay the former holder of the note the smaller sum in *cash*, and M'Connelly agreed to pay to the defendant the larger sum in freight, saying that he was about to take or had taken of some person who was not named, for the season of 1824, a vessel to sail on shares. The plantiffs objected to this evidence, but it was received by the judge, under whose charge to the jury, that if they believed that the freight was furnished by the defendant under the expectation that the earnings should be applied in payment of the note, and that such was the understanding of both M'Connelly and the defendant, a verdict was found for the defendant, which was now moved to be set aside.

*S. G. Huntington*, for plaintiffs, cited Chitty on Contracts, 329; 11 Mass. R. 140; 16 Johns. R. 34; 3 Johns. Ch. R. 569, 573; 6 Granch, 34.

*D. Gardner*, for defendant, insisted that the transaction between M'Connelly and the defendant amounted to a payment in advance, and cited Willes' R. 400, 1; 1 Comyn on Contracts, 237.

*By the Court*, SAVAGE, Ch. J. The plaintiffs were partners in the earnings of the vessel, and of course of the freight in question. It is well settled that one partner cannot pay his individual debt with the partnership property. (16 Johns. R. 34.) Nor can he discharge a debt due the firm by setting off a debt due from himself. (5 Cowen, 489.) It fol-

lows that a demand against M'Connelly alone, is not a good set off to a joint demand of the two plaintiffs for freight.

One partner, however, may receive payment of a debt due the firm ; and it is contended that the transaction in this case amounted to a *payment in advance* for the freight subsequently earned. It is not necessary to inquire whether such a payment in advance to one partner would be obligatory upon the other. My impression is, that it would not, where the payment was made previous to the partnership being formed ; the payment to M'Connelly could only be obligatory upon himself, for at that time it was made he had no partner, but " was about to take a vessel." The circumstances, however, did not amount to a payment in advance, it was a purchase by the defendant of M'Connelly's note. The question then simply is, whether a note for an individual debt of one of a firm can be set set off against a partnership demand. It has been repeatedly decided by this court that such a set off cannot be allowed.

The judge therefore erred, and a new trial must be granted ; costs to abide the event.