Tucker, P.
The dissolution of the.injunction was altogether proper. The injunction ought never to have been granted, for the reasons assigned by the president of this court, in White, Whittle & Co. v. Banister's ex'ors, 1 Wash. 166. which reasons apply as well to the case of a distributee *327 as to that of a creditor. See also Brown's adm'x v. Garland, 1 Wash. 221. and Dale &c. v. Cooke, 4 Johns. Ch. Rep. 11. 13. The bond, in this case, though taken to the administrator himself, and therefore, at law, considered as his own bond, is to be looked upon, in equity, as the bond of the estate, until the accounts, at least, are liquidated, and he is found to be in advance; which, here, the plaintiff himself denies. The set-offs, therefore, against the defendant Scott, of his individual debts, were clearly inadmissible. And, as to the set-oils of demands against Richardson's estate, they were inadmissible as has been already said, for the reasons given in White, Whittle & Co. v. Banister’s ex'or s. If a purchaser at the sale of a decedent’s estate, desire to set-off a claim, which he has as a distributee, he ought to institute his suit for a settlement and distribution in due season, so as to ascertain that there will be a balance in his favor, in time to meet the expected judgment for the amount of his purchase. If, on the contrary, he may wait until there is a judgment against him, and may then tie up the recovery until complicated accounts of administration may be settled, in order to discover whether there will be a distributable surplus, the executor may be made liable for a devastavit, and creditors may be unduly delayed in the recovery of their demands. Every purchaser at a sale of the decedent’s estate, ought to understand, that he is to pay up the amount of his purchase, unless the executor expressly agrees, that any claim he may have against the estate, shall be discounted. Therefore, the injunction was properly dissolved.
But there can be no question, that this decree must be reversed, upon the authority of the cases of Hough v. Shreeve, 4 Munf. 490. and Singleton v. Lewis, 6 Munf. 397. In those cases, it is decided, that the provision of the statute, under which the county court proceeded in dismissing the bill, does not apply to a bill which is not merely a bill of injunction, but has other objects besides those of injoining a judgment at law. Now, here the bill alleges, that the plaintiff is one of Richardson's distributees; and prays, that the administrator may be compelled to settle his accounts, and *328 for all proper relief. Here, then, is a bill which has in view other objects besides the injunction. It should not, therefore, have been dismissed as a matter consequent of course on the dissolution of the injunction. It should have been regularly proceeded in to a hearing. It is true, that the bill is obviously defective for want of, parties. Only one out of twenty-eight distributees, according to the plaintiff’s own shewing, is before the court. But though if a bill shew no cause of action, this court ought not to reverse a decree of dismission, however irregular, yet if it shew a cause of action, an irregular dismission, without a hearing, should be set aside, notwithstanding the bill be defective in form or for want of parties. For had it not been improperly and prematurely dismissed, the plaintiff, before the hearing, would have been entitled to amend, by giving form to the bill, or by adding proper parties. I am, therefore, reluctantly compelled to say, that, in my opinion,.both decrees must be reversed for this error, and the cause sent back to the county court, with directions to redocket it, and send it to the rules for further proceedings.
Cabell and Carr, J concurred. Decree reversed.