# CASES

# HIGH COURT OF CHANCERY.

JOHN NICK. WATKINS
vs.
ABRAHAM V. ZANE. } December Term, 1847.

[SET-OFF.]

To authorize a set-off, either at law or in equity, the debt must be mutual, and due to and from the same persons in the same capacity.

The complainant cannot set off a claim for professional services rendered the defendant and another *jointly*, or upon their joint employment, against a judgment at law in favor of defendant alone, against complainant and another.

[The bill was filed, to be relieved from the payment of a judgment in favor of A. V. Zane against the complainant, and one Nicholas E. Watkins, upon the allegation that after the same was rendered, the complainant had performed professional services for the defendant, and one William McNeir, the latter's father-in-law, and who, in consideration thereof, had promised complainant that it should be entered satisfied. An injunction was granted, but upon the filing of the answer of Zane, denying the allegations of the bill, it was dissolved, and complainant paid the judgment under a *ca. sa.* Proof was then taken, the nature of which appears from the opinion of the Chancellor.]

Vol. IV.—2

THE CHANCELLOR:

This case is now submitted for final hearing, and it being admitted that the amount of the judgment at law, by the defendant against the plaintiff, has been paid, the effort of the complainant is to have the money refunded to him.

The case *as proved*, upon which the complainant relies, is not the case made by his bill. The bill alleges that McNeir, the father-in-law of the defendant, promised that the judgment should be entered " *satisfied*," in consideration of professional services rendered by the complainant for McNeir and the defendant; but the proof is, that the defendant, Zane, promised, or directed, that it should be entered " *settled*." The equity of the bill being denied by the answer, and the proof not supporting the bill, but making a different case, it may well be doubted whether, if there was no other objection, the complainant could obtain relief.

There is, however, another objection. The defendant, Zane, had a judgment at law against the complainant and another, and the complainant has a claim against the defendant and McNeir, for professional services rendered them. The averment of the bill is, that the complainant " had been employed by the said Zane and one William McNeir, the father-in-law of the said Zane, as solicitor in Chancery," &c. He claims then to set off these services to those parties *jointly*, or upon their joint employment of him, against a judgment at law against himself and one Nicholas E. Watkins. This, I think it clear, cannot be done, either in equity or at law, and that in both Courts, to authorize a set-off, the debt must be mutual, and due to and from the same persons in the same capacity. *Dale* vs. *Cooke*, 4 *Johns. Ch. Rep.*, 11.

The complainant therefore cannot succeed, and his bill must be dismissed; but, under the circumstances of the case, I think it would be harsh to subject him to costs, and I shall make each party pay his own costs.

J. N. WATKINS, for Complainant.
N. HAMMOND, for Defendant.