### THE CITY OF CONCORD *v.* PILLSBURY *& others.*

In debt against principal and sureties, a debt due from the plaintiff to the principal may be set-off.

A notice of set-off is admissible in debt on bond for a penalty. If the set-off does not exceed the penalty, the action cannot be barred, but the set-off will be allowed on the hearing in chancery.

If the bond is a security for unliquidated damages, it is still a debt, against which a set-off may be made.

Concord *v.* Pillsbury.

A set-off is admissible, though the bond is given to secure the collection and payment of public taxes.

If two actions are pending, one against the defendant and his sureties, and the other against him alone, the court cannot require the set-off to be made in one action rather than the other.

DEBT ON BOND. The defendant, Pillsbury, was the principal and the other defendants were sureties on the bond.

The condition of the bond was for the faithful performance of the duties of the office of city marshal of the city of Concord, by the said Pillsbury, to which office he had been appointed by the authorities of the said city. Among these duties was that of collecting and paying over to the city treasurer and others, the taxes assessed upon the inhabitants of said city.

Pleas, *non est factum*, and *omnia performavit*.

The defendants now move for leave to file an off-set, consisting of an account, chiefly for services and expenses.

The plaintiffs had another action pending in court against said Pillsbury, commenced at the same time with this ; claiming to recover $1500, for money had and received, &c., and money lent and paid out.

Upon this motion the action was transferred from the Court of Common Pleas to this Court.

*Peabody & Chandler*, for the defendants.

The set-off offered by the defendants should be received, for the purpose of showing that there has been no breach of the condition of the bond declared on. The plea of *omnia performavit* covers all the breaches alleged, and the set-off annexed to that plea is competent to show a virtual payment of the taxes, the nonpayment of which is alleged as one of the breaches of the condition of the bond. *Collins* v. *Collins*, 2 Burr. 820 ; *Burgess* v. *Tucker*, 5 Johns. 105. See, also, Comp. Laws, ch. 119, sec. 6.

The cases cited by the plaintiffs, of *Hardcastle* v. *Netherwood*, 5 B. & A. 93 ; *Castelli* v. *Boddington*, 16 L. & E. 129, and others, were cases where the set-offs were pleaded generally to the whole demand, and not annexed to general pleas.

II. The set-off should be received and its amount deducted in giving judgment, even though a breach of the condition should be proved. In giving judgment in such a case, the court will render judgment only for the amount equitably due. Comp. Laws, chap. 203, sec. 9. And if, in rendering such judgment, the plaintiffs set up a claim for liquidated damages, the court will allow it to be opposed by a counter claim of set-off, although the plaintiff also asks judgment for certain unliquidated damages. The language of the statute of set-offs would clearly permit this. Comp. Laws, chap. 119, sec. 6.

But it is further contended under this point, that the set-off should be received and deducted, although the plaintiffs' only claim for judgment may be on account of unliquidated damages. The right of set-off is favorably regarded by courts of law, and unless in any case there is a direct infringement of the rule disallowing such right in case of unliquidated damages, a set-off will be received. See *Drew* v. *Towle*, 7 Foster 427, 8.

The action in this case is debt. The process by which the judgment is reduced to the actual damages, does not alter the nature of the action. The judgment will still be, that the plaintiffs recover their debt. To this debt we submit that a set-off may be pleaded. See *Burgess* v. *Tucker*, 5 Johns. 105, as above.

*W. H. Bartlett*, for the plaintiff.

1. If the condition of the bond be broken, we are entitled to judgment. If the collector had neglected to pay over the money at the times required, upon these issues even a subsequent payment would be no answer at common law, much less a set-off. Rev. Stat., chap. 43, sec. 8 ; *Hudson* v. *Tenney*, 6 N. H. 457. Therefore, if a set-off is received at all, it cannot be an answer to the action, but only on the hearing in chancery.

Upon the failure of Pillsbury to perform the duties of his office, the obligors became jointly and primarily liable on the bond. Therefore a set-off due one of them cannot be received. Barbour Set-Off, 56, 75.

Defendants are liable in unliquidated damages, and a set-off is not admissible. Barb. Set-Off, 106, 7, ; 2 Saund. Pl. & Ev. 571, 2; *Atwool* v. *Atwool*, 18 L. & E. 387 ; 1 Ch. Pl. 571, 2 ; 2 Pars. Con. 2, note *a*.

2. This set-off cannot be received on grounds of public policy. If collectors had such power to off-set, it would embarrass, and might frustrate the object of government. *Wilson* v. *Lewiston*, 1 W. & S. 428, 5 U. S. Dig. 759, 50 ; *Boyce* v. *Russell*, 2 Cow. 444 ; *Willard* v. *Parker*, 1 Rawle 448 ; 1 U. S. Dig. 627, 11. Where funds are held in an official capacity, no set-off of individual debts is allowed. *Harper* v. *Howard*, 3 Ala. 284, 5 U. S. Dig. 760, 76 ; *Prewitt* v. *Marsh*, 1 S. & P. 17, 3 U. S. Dig. 417, 17.

3. The doctrine maintained by defendants would work manifest injustice. They might select any items of credit in the account of the plaintiffs with Pillsbury, and set them off, while plaintiffs could not avail themselves of the counterbalancing debits, and would thus be deprived of a right somewhat important, if Pillsbury happen to be insolvent. The court will not permit such injustice. *Hutchins* v. *Biddle*, 12 N. H. 465. Pillsbury should off-set the claim in the other suit, where the equities can be adjusted ; and if the balance is in his favor, the defendants can with more show of equity ask to set-off that judgment.

*Peabody* and *Chandler*, in reply.

It is difficult to deduce from the cases any intelligible principle which will sustain the position assumed by the plaintiffs, that the set-off is inadmissible on grounds of public policy. The obligation on the part of the city to pay the principal defendant the amount due him, constitutes a strictly legal and binding debt. The obligation on his part to pay over taxes collected by him, is no more than a debt, and there is no practical injustice in allowing one debt to be set against another. How does public policy prevent it ?

It is a familiar practice, in suits brought by the United States

for the recovery of moneys due from its agents, to allow claims for services to be set off. *U. S.* v. *Wilkins*, 6 Wheat. 135; *U. S.* v. *Ringgold*, 8 Pet. 150; *U. S.* v. *McDaniel*, 7 Pet. 16; *Gratiot* v. *U. S.*, 15 Pet. 368; *U. S.* v. *Ripley*, 7 Pet. 23; *U. S.* v. *Robinson*, 9 Pet. 323.

And even if the court should limit this right of set-off to claims growing out of the duties of the principal defendant as city marshal, the defendants say that the question, what constitutes such claims, does not arise here; and they ask the right to prove that the whole set-off consists of demands arising while the defendant was city marshal, and in the performance of duties connected with that office.

2. The plaintiffs object further to the set-off, that it is in favor of one defendant only, and not of all. But to this the reply is, that the set-off is in favor of that defendant who is principal obligor in the bond declared on; the other defendants being his sureties. The set-off in his favor can, then, be received. *Mahurin* v. *Pearson*, 8 N. H. 539.

BELL, J.* Debts to be set off must be mutual; due from the plaintiff to the defendant, or defendants. The demand here offered in set-off is one due from the plaintiff to one of the defendants only. But this defendant is the principal in the bond upon which the action is brought, and it is contended that this circumstance makes the present case an exception to the general rule. In support of the exception thus claimed, no case is cited of a set-off allowed in an action upon a bond, but certain cases of actions upon promissory notes are relied upon. These are, first, *Woods* v. *Carlisle*, 6 N. H. 28, where a set-off was rejected because it was a claim of one of the defendants against the plaintiff, in which Ch. J. *Richardson* remarked: Perhaps if it had appeared that Farrar, the other defendant, was only a surety, the rule to be applied might be different; for which he cited 4 Bing. 423, *Bourne* v. *Bennett*. The case thus cited was

* PERLEY, C. J., and EASTMAN and FOWLER, J. J., did not sit.

however a case of set-off of judgments. In *Mahurin* v. *Pearson*, 8 N. H. 541, it was distinctly held, that, in an action upon a promissory note against a principal and surety, a demand, due from the plaintiff to the principal, may be set-off; and *Parker*, J., cites 6 N. H. 27, above, and *Ex parte Hanson*, 12 Ves. 349; 18 Ves. 332, S. C.; and *Dale* v. *Crooke*, 4 Johns. Ch. 15. The same doctrine is affirmed in *Boardman* v. *Cushing*, 12 N. H. 119. These cases must, we think, be regarded as settling the principle in actions of assumpsit, that the claim of the principal debtor against the plaintiff may be set off in an action against himself and his sureties.

We are unable to see any satisfactory distinction between such an action, and debt or covenant, where any set-off is admissible, and we are of opinion the same rule must be adopted in this case. Though the cases and books cited for the plaintiff show that a different rule is adopted elsewhere, yet we think the rule here is sustained by its intrinsic equity, and the debts may well be regarded as mutual, the joint bond being nothing more than a security for a separate debt. 18 Ves. 232.

But it is said, by way of objection to the admissibility of a set-off, that if the condition of the bond is broken the plaintiffs are entitled to judgment; and this is generally true, but not necessarily so. A set-off may exceed the penalty of the bond, and in that case it is not apparent why it should not be a complete answer to the action. But this objection, if well founded, would be decisive against the admission of any set-off in an action upon a bond, which is not pretended.

Where a bond is shown to be forfeited, the course prescribed by our law is, that judgment is rendered for the entire penalty. Where the bond is designed to secure several different and successive conditions, this judgment stands as a security for future breaches. If the condition is single, a hearing is to be had in chancery, and execution awarded only for the amount found actually due. If there are several conditions, a like hearing is had to ascertain the amount due at the time of the rendition of the original judgment, and the amount to be recovered on each subsequent breach, as it may occur.

It is upon these hearings in chancery, as they are called, that the plaintiff contends the defendant is to avail himself of his set-off in all ordinary cases. But it does not follow, as the plaintiff insists, that a notice of set-off is not admissible in an action of debt on bond for a penalty. The question whether the party is entitled to a set-off, and if so entitled, the mode of proceeding by which he has the right to bring his set-off to the notice of the court, is to be settled by reference to the statutes. These provide that if there are mutual debts or demands between the plaintiff and defendant, at the time of the commencement of the plaintiff's action, one debt or demand may be set off against the other. If the defendant's debt or demand is founded on any bond or specialty, with a penalty, the amount equitably due only shall be set off. The defendant may plead such set-off, or give notice thereof with the general issue, describing such debt or demand with the same certainty as is required in a declaration. Rev. Stat., chap. 187, secs. 6, 8 and 9; C. S. 483.

These provisions are very general, and they permit the demand to be set off to be pleaded, or notice of it to be given with the general issue, as is done in this case; and there is no provision by which, if this is not done by pleading, or notice with a plea, it can afterwards be brought to the notice of the court upon a hearing in chancery. Under these general provisions, we think, that where debt is brought, or can be maintained, that circumstance is decisive that the action admits of a set-off, though, in the liquidation of the amount for which execution is to be awarded, it may be necessary to go into the inquiry as to unliquidated damages. The judgment for the plaintiff in such case is for a debt — the entire penalty of the bond.

The general principle that a set-off is not admissible where the claim against the defendant is for unliquidated damages, nor where the defendant's set-off is of a similar character, is well settled. *Drew* v. *Towle,* 7 Foster 427. If that principle is applicable in this case, and so far as it applies, the objection is well founded; but we do not understand that the claims of either party fall within that principle.

Concord *v.* Pillsbury.

It is said to be against public policy that a collector of public taxes should be permitted to avail himself of a set-off, because he may thus obstruct the public business, and the public interest may suffer for want of the funds provided by law for public use. This objection seems to us rather plausible than sound. Every legal defence may have the effect for the time being to prevent a recovery of public funds, whether it is well founded in fact or not; but it will not for that cause be permissible to deny such grounds of defence. A set-off in this case has the effect of a payment. It shows that the principal defendant is not now legally bound to pay the money demanded of him; and if there are considerations of public policy which should deny to a party a defence like this, it is for the legislature and not for the court to establish the exception.

It is contended, that the defendants' set-off should be made in the action in favor of the plaintiff against him personally, and not in this suit against himself and his sureties. The court may look to considerations of this kind, where an appeal is made to their discretionary power, as in cases of set-off of judgments. But the court has no power to refuse a set-off in any case where the party had by law a right to offer it. It is a legal defence, of which the party has a right to avail himself in any proper action. The power he has to make an application of his claim in set-off to any debt in suit, is like his power to apply the payments he makes to any debt he chooses, and it has never been thought censurable for a principal to apply his payments first to the relief of his sureties.

*The set-off is to be received.*