There is no force in the objection that the action was not prosecuted in the name of the real party in interest, within the meaning of section 111 of the Code. Sargeant, the payee of the notes, indorsed and transferred them absolutely to Prime, in September, 1855, upon a good consideration; and a few days afterwards, Prime, for a valuable consideration, indorsed and transferred them to the plaintiff. The referee found that the transfer to Prime was not made under any collusion with Sargeant, or with any purpose or intent to assist him in avoiding the payment of any indebtedness to, or any offset which, the defendant had as against the notes in the hands of Sargeant. The transfer from Prime to the plaintiff vested in the latter an absolute title to the notes and their proceeds. Having the actual possession of, and legal title to, the notes, an absolute right to the money due on them, and to recover and appropriate it when received to his own use, he is the real party in interest. There is no doubt whatever that a judgment in the plaintiff's favor would exonerate the defend ant from all claims by any one else.
The answer did not allege that any settlement of the partnership accounts had ever taken place, but, on the contrary, that an action had been commenced for the purpose of compelling such account in the Court of Chancery, in New Jersey, in which the defendant Morris was complainant, and Allen and Sargeant defendants, and which was still pending. The answer nowhere alleged that Sargeant was insolvent.
If the matters stated in the defendant's answer, coupled with the fact that at the time of the trial, in May, 1857, Sargeant's estate was insolvent, constituted or were available as a *Page 633 
defence, legal or equitable, to the action, then the referee erred in excluding the evidence. On the contrary, if the facts stated in the answer would have constituted no defence as against Sargeant at the time of the transfer of the notes, the referee was right. The notes having been negotiated nearly three years after their date, the plaintiff took them subject to all equities between the defendant and Sargeant.
The proposition was to use an unliquidated and unsettled partnership account, begun after the giving of the notes and ending subsequent to their transfer, and where the partnership was between three persons, one of whom was not a party to the suit, and there was no allegation of a dissolution of the partnership or Sargeant's insolvency when the notes were negotiated, as a defence to the action. It was not offered to be shown that there had been a settlement or an account stated between the defendant and the payee of the notes, though the defendant was allowed the opportunity to prove such settlement if any had been had. On the contrary, the referee found that the affairs of the partnership were, at the time of joining issue in the action, open and unsettled; and no adjustment, settlement or other statement of any indebtedness of any of the copartners to the copartnership, or to one another on account thereof, had ever been made.
The proposed defence clearly did not establish a payment, nor was it available as a counter-claim, not being a claim against the plaintiff on the record. A remaining inquiry is, were the facts set out in the answer, in connection with those offered to be proved, sufficient to establish a set-off against the notes at law or in equity.
It is clear that this unadjusted partnership claim could not be set off at law. It was not a claim which existed and was due and payable, and belonged to the defendant before the notes were transferred in September, 1855, nor was it a demand against Sargeant alone, but against him and the partner Allen, jointly. It was not liquidated, nor could it be, without a statement and settlement of the partnership accounts. There was no account stated between the defendant and Sargeant, *Page 634 
nor were the affairs of the partnership settled in any way. At the time such partnership closed, if it did so on the completion of the Flushing railroad, the notes had been transferred over three months. And until the affairs of the partnership are closed and settled, it cannot be said that any debt exists from either partner to the other. (2 R.S., p. 354, § 18, subds. 3, 9;Beckwith v. Union Bank of New York, 5 Seld., 211; Beebe v.Bull, 12 Wend., 504; Plets v. Johnson, 3 Hill, 112; Ladue
v. Hart, 4 Wend., 583.)
Could it be set off in equity according to the established principles of equity jurisprudence? If it could, there is probably no technical objection now to interposing an equitable defence against a legal liability which, at law, could not have been pleaded in bar. The Revised Statutes provide that in suits in Chancery for the payment or recovery of money, set-offs shall be allowed in the same manner and with like effect as in actions at law. (2 R.S., 334, § 40.) In equity, when the demands are unconnected and distinct, the rule as to set-offs is as at law. (2 Story's Eq. Jur., § 1434; Duncan v. Lyon, 3 John. Ch. R., 351; Dale v. Cooke, 4 id., 11; Barbour v. Spencer, 11 Paige, 507.) A court of equity will not interfere when the set-off claimed is of a debt arising under a distinct transaction, unless there is some peculiar equity calling for relief. When there is a legal debt on one side, and an equitable debt on the other, the mere fact of the existence of such cross demands will not be sufficient to justify a set-off in equity. The party seeking it must show some further equitable ground. Had the defendant in this case brought an action against Sargeant and Allen, while Sargeant held the notes, there would have been nothing (in the absence of an allegation of Sargeant's insolvency) to show the existence of a right in equity to demand the set-off. (Bradley v. Angel, 3 Comst., 475; Keep v.Lovell, 2 Duer, 78; Gay v. Gay, 10 Paige, 369; Story's Eq. Jur., §§ 1434 to 1437, inclusive.) Had Sargeant, prior to the transfer of the notes on the commencement of this suit, brought his action upon them, and the defendant had interposed the same answer as in the present *Page 635 
action in respect to his partnership demand, alleging nothing as to Sargeant's insolvency, he would have shown no equitable right to set off such demand. The only ground relied on by the defendant to entitle him to make an equitable set-off was, that Sargeant was dead and his estate insolvent at the time of the trial in May, 1857. The answer averred no insolvency at the time of the transfer of the notes, or at the commencement of the suit in June, 1856. It is, therefore, evident that neither the allegations of the answer nor the facts offered to be proved establish that any equitable right of set-off existed or had attached at the time when the notes were transferred to the plaintiff.
There was no legal or equitable right of set-off shown by the pleadings to have attached when the notes were negotiated by Sargeant, or even when the suit was brought; and the offer to show insolvency some eighteen months afterwards, presented no ground for equitable interposition against a bona fide
transferee of the notes. The judgment of the Superior Court should be affirmed.
All the judges concurring,
Judgment affirmed.
 *Page 9