SHEARER and another, Respondents, vs. BROWNE and wife, imp., Appellants.

*March 16 — April 4, 1899.*

*Surviving partner: Title to assets: Administrator's sale: Mechanics' liens: Assignment.*

1. Where the materials for which a lien is claimed were furnished by one who, as surviving partner, was carrying on the business formerly conducted by a firm, the debt is due to him individually, and he may assign the claim as if there had never been any partnership.
2. No interest in such debt or right to a lien is conveyed by an administrator's sale of the interest of the deceased partner in the firm, but merely a right to share in the net proceeds of the assets of the business when it is closed up.
3. A right to a mechanic's lien can be assigned only under the limitations and conditions prescribed in sec. 3316, Stats. 1898, and is waived by an assignment not complying with that section.

APPEAL from a judgment of the circuit court for Waupaca county: CHAS. M. WEBB, Circuit Judge. *Reversed.*

The plaintiffs sue to foreclose a subcontractor's lien upon premises of the defendant *Browne* for material claimed to have been furnished the principal contractor, Rasmussen, under the following circumstances: Prior to August 6, 1894, the plaintiff *Shearer* and one George Fox were copartners in the lumber business, under the name of Shearer & Fox. On that date Fox died, and *Shearer* continued to conduct the business, using the firm name therefor. Shortly afterwards he was appointed administrator of the estate of Fox. The material in question was furnished between November 3, 1894, and January 9, 1895. A notice of subcontractor's lien was given in February, and on July 5th claim for lien was filed. On August 5, 1895, *Shearer*, as administrator, sold the interest of Fox in the partnership business and assets at auction to the widow, Grace Fox, who immedi-

ately thereupon transferred to the plaintiff *John F. Jardine* the interest so purchased by her, and thereupon a new firm was organized, consisting of the plaintiffs, to which each contributed as capital his interest in the said assets, both chattels and choses in action, of the old firm. All of these transfers and transactions were verbal merely. Suit was commenced September 21, 1895.

For the appellants there was a brief by *E. L. & E. E. Browne,* and oral argument by *E. E. Browne.*

For the respondents there was a brief by *Lord & Wheeler,* and oral argument by *F. F. Wheeler.*

DODGE, J. Numerous questions affecting the rights of the parties, either in whole or in part, were urged, to a consideration of some of which numerous other facts would have been material. But the view we take of one of these questions seems to render discussion of the others unnecessary.

It is a fact uncontroverted that, at the time the materials constituting the basis of the lien claim here made were furnished, plaintiff *Shearer* was running the business as surviving partner. That being the case, the title to the property was in him, and the debt for the material furnished was due to him, as absolutely and individually as if there had never been any partnership. *Roys v. Vilas,* 18 Wis. 169; *Lawrence v. Vilas,* 20 Wis. 381, 391; *Sherman v. Kreul,* 42 Wis. 33; *Martin v. Morris,* 62 Wis. 418, 427; 17 Am. & Eng. Ency. of Law (1st ed.), 1154, 1173, *et seq.* The only difference resulting from the fact of his being a surviving partner was that he owed a duty, after disposing of all assets and paying all debts, to account to the estate of his deceased partner for the proper share of the net proceeds. But this gave, neither to him as administrator nor to those beneficially interested in that estate, any interest whatever in either the stock of lumber or choses in action. This being

the situation, the conveyance of this demand against Rasmussen to a partnership consisting of himself and *Jardine* was an assignment of such demand, legal and effective. Whereas, prior to that time it was a debt due *Shearer*, upon which he alone could have sued either at law for a money judgment or to enforce a lien, by the assignment it became the joint asset of the partnership, upon which suit must be brought by both. We must not be understood as holding that the sale by *Shearer*, as administrator, of the interest of his deceased partner in the firm, was an assignment of this account. That was a transfer of a mere equity to a share in the net proceeds of all the assets of that business, and conveyed no interest in this particular chose in action. *Rommerdahl v. Jackson, ante*, p. 444. Such transaction is entirely distinguishable from that by which the title to this specific asset, amongst others, was transferred from *Shearer* to the new firm of Shearer & Jardine as joint owners.

At an early day this court, in *Caldwell v. Lawrence*, 10 Wis. 331, adopted the view that a right to a mechanic's lien was so distinctly a personal and individual privilege that it was waived and destroyed by an assignment. The position taken in that case has never been departed from. It was reiterated and enforced in *Tewksbury v. Bronson*, 48 Wis. 581, and referred to as still maintained in *Bernhardt v. Rice*, 98 Wis. 578. Inasmuch as the rule so laid down in 1860, with only the modifications accomplished by statute, has been through so many years recognized as the law of this state, it should now be held settled, and there is no occasion to consider the extremely variant views maintained by other courts. Starting, then, with the principle, laid down in *Caldwell v. Lawrence*, that at common law no assignment of a right to mechanic's lien could be made, and that an assignment of the claim destroyed that right to lien, as ruled in *Tewksbury v. Bronson*, the statute (Stats. 1898, sec. 3316), with the limitations and conditions therein con-

tained, grants and must measure all assignability which exists. Among those limitations we find the requirement that the assignment must be in writing, and notice thereof must be given to the owner of the property within fifteen days thereafter, neither of which was complied with in this case. We are therefore constrained to hold that the right to a mechanic's lien has been waived by assignment, and that no judgment of foreclosure should have been rendered against the appellants.

*By the Court.*— Judgment reversed, and cause remanded for a new trial.