FRENCH, Respondent, vs. LANGDON and others, Appellants.

*January 29 — February 25, 1890.*

*Novation: Railroad contractors: Board of laborers.*

The principal contractors for the construction of a railroad agreed to save the railroad company harmless from the payment of laborers' wages.   In paying laborers working under a subcontractor they retained the amount owing by each laborer for board, it being a custom and the understanding of all parties that such amounts should be retained and paid directly to the boarding-house keeper. *Held,* that the boarding-house keeper, who had furnished the board relying upon such custom, might recover from the principal contractors the amounts so retained, although the subcontractor was indebted to them in a sum exceeding such amounts. *Sterling v. Ryan,* 72 Wis. 36, followed.

APPEAL from the Circuit Court for *Oneida* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

It is undisputed that early in 1887 the defendants, under the firm name of Langdon, Henry & Co., entered into a written contract with the Minneapolis, Sault Ste. Marie & Atlantic Railway Company for the building of the portion of its road in Wisconsin; that by the contract the defendants bound themselves to save the company harmless from the payment of laborers' wages in such construction; that one Chase was a subcontractor, under the defendants, in constructing about ten miles of said road in Oneida and Forest counties; that certain of the men employed by Chase in such construction boarded with the plaintiff during that time; that the amount and value of such board, in the aggregate, for June, 1887, was $126.16, and for July, $106.04, making $232.20, for which amount the plaintiff brings this action on account; that shortly after June, 1887, Chase made out his pay-roll for said laborers for that month, containing the respective names of the laborers, their occupation, their time of service, their rate of wages and the amount thereof, the amount with board deducted, the names of the persons with whom they boarded, the accounts and cash payments, when paid, and the amount received by each laborer, and also containing the following addressed to Langdon, Henry & Co.: "Please pay to the following named persons the amount set opposite their respective names," including "*F. French*, board-bill on roll and for station men, $130.73; transferred." A similar pay-roll, with a like direction, addressed to Langdon, Henry & Co., contained the following: "*F. French*, July board-bill, $102.36. Credit back." It is conceded that, when the June pay-roll was presented to the defendants, Chase was indebted to them in a sum exceeding $1,000, and that when the July pay-roll was presented to them Chase was indebted to them

exceeding $2,000, which he never paid. The defendants paid to the plaintiff the amount of the board-bill of such laborers for the month of May, 1887.

The defendants denied liability. The cause was referred to hear, try, and determine. The referee found that the defendants were not liable. The court refused to confirm the report, and modifièd the same. There is no serious conflict in the evidence. The court found, in effect, what is apparent from the record, that such pay-rolls were so made out in pursuance of a custom well known to the defendants, the plaintiff, Chase, and such laborers; that in pursuance of such custom, so known, the defendants, on the 15th of each month next after such presentation of such pay-roll, paid to each such laborer the balance due him, after deducting the amounts appearing due thereon for board from such laborers to the keepers of boarding-houses, and then paid the amount so deducted for board directly to such boarding-house keepers, respectively, and that the plaintiff knew of such custom and relied thereon in furnishing such board; that the plaintiff had no knowledge of the state of the account between Chase and the defendants, nor that Chase was at all indebted to the defendants at the time of furnishing such board; that it was understood by and between the laborers and Chase, the laborers and the plaintiff, and the laborers and the defendants that the defendants should deduct the amount of such board from the wages of such laborers, and pay the same directly to the plaintiff for such board; that the defendants did make such deduction, and only paid such laborers what was due them after such deduction; that the defendants were indebted to the plaintiff in the amount stated, with interest; and as conclusions of law, that the plaintiff was entitled to judgment against the defendants for the amount thereof, with costs. From the judgment entered thereon accordingly, the defendants appeal.

*John Barnes*, for the appellants.

For the respondent there was a brief by *Miller & McCormick*, and oral argument by *S. S. Miller*.

CASSODAY, J.   The findings of the court are clearly sustained by the evidence.   Under the statutes it was the legal right of the respective laborers, by serving the requisite notices, to have held the railway company directly liable for the amount of their wages.  Sec. 1815, R. S., as amended by ch. 318, Laws of 1881.   By their contract with the company, the defendants assumed the responsibility which the law thus placed upon the company.   The obligation of the defendants to pay to the respective laborers the full amount of their wages, including board, thus became fixed by contract with the company, regardless of any state of account which might exist between them and any of their subcontractors.   The facts set forth in the foregoing statement clearly bring the case within the ruling of this court in *Sterling v. Ryan*, 72 Wis. 36; *S. C.* 7 Am. St. Rep. 818, where the question has recently been fully considered, upon reason and authority, by Mr. Justice ORTON.

A similar question recently arose in Ireland, in a case where "a road contractor obtained from a bank an advance on foot of contracts to be presented and fiated at the ensuing assizes, by parol authorized the manager of the bank to receive the amount of the presentments, and the clerk of the crown to transfer the cheques for the amount of the presentments to the bank, which the clerk agreed, in writing, to do;" and it was "held a valid equitable assignment, sufficient to preclude a judgment creditor of the contractor from having equitable execution against the amount of the presentments." *Mulhall v. M'Creery*, 24 L. R. (Ir.), 500.   But authority and discussion are unnecessary, in view of the decision of this court above cited.

*By the Court.*— The judgment of the circuit court is affirmed.