VOLLMER, Appellant, vs. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY, Garnishee, Respondent.

*October 18 — November 7, 1893.*

*Garnishment: Railroads: Amount due to contractor: Contingent liability to laborers.*

A railway company may withhold so much of the amount due to a contractor as it may become liable to pay to his laborers under sec. 1815, S. & B. Ann. Stats., and cannot be deprived of such right either by the contractor or by garnishment in a suit against him. As garnishee of the contractor it can be held liable for so much only as shall remain due to him after the determination of its contingent liability to his laborers.

APPEAL from the Circuit Court for *Milwaukee* County.

This action was commenced against the principal defendant, Wolf, August 23, 1892, and on the same day the garnishee papers were served on the defendant railway company.    The complaint against Wolf is to the effect that he is indebted to the plaintiff in the sum of $735.93 upon an account for services rendered, board furnished, moneys paid, and for certain goods, wares, and merchandise sold and delivered, by the plaintiff to said Wolf, at his request, between June 15, 1892, and August 22, 1892, no part of which had been paid.    On September 21, 1892, judgment was rendered

Vollmer vs. The Chicago & Northwestern R. Co.

against Wolf for the amount of plaintiff's claim and costs, amounting in all to $762.34.

On October 25, 1892, the defendant railway company, as garnishee, answered, to the effect that Wolf was employed by the company as contractor in and about the construction of a certain railroad track in the county of Milwaukee; that Wolf performed work and labor under his said contract to the amount of $1,210.01, and that the same is due and owing from the company to Wolf; that divers and sundry persons were employed by Wolf in and about the work mentioned, to whom Wolf at the time of the service of the garnishee summons was, and still is, indebted for such work and labor; that the following named parties so employed had served upon the company notices of liens for the value of such work and labor, pursuant to sec. 1815, R. S., to wit, ten persons, whose names and residences are given, to whom Wolf was so indebted in the aggregate sum of $817.80; that under the laws of this state the company is directly liable to the parties named for the amounts of their respective liens so served, and hence the company asks that the amounts of said several claims be deducted from the amount so due and owing from the company to Wolf, and that the persons named be interpleaded herein; that twelve other persons, whose names and residences are therein given, were employed by Wolf in and about said work, and to whom Wolf at the time of the service of the garnishee summons herein was, and still is, indebted for the several amounts set opposite their respective names, amounting in the aggregate to $113.48, and that said persons, respectively, are entitled to be paid out of any sums in the hands of said company due and owing to Wolf, notwithstanding they had not served or filed their liens pursuant to said sec. 1815; that the company submits the rights of the parties named to the court for its determination, and asks that they be interpleaded herein, and whether the amount due and owing

Vollmer vs. The Chicago & Northwestern R. Co.

to the said laborers from Wolf should be deducted from the amount due and owing to Wolf from the company; that at the time of the service of the garnishee summons herein the company did not hold, and does not now hold, the title or possession of any real estate or any interest in land of any description, or of any personal property, effects, or credits, or any instrument or paper relating to any such, belonging to the defendant Wolf or in which he is in any wise interested.

Upon such answer of the garnishee, the plaintiff moved for judgment against the company for $762.34, and interest from September 21, 1892. From an order denying said motion with costs the plaintiff appeals.

For the appellant there was a brief by *Kelly & Kelly*, and oral argument *John T. Kelly*. They contended that plaintiff was entitled to have his judgment against Wolf satisfied out of the funds in the hands of the railway company at the time of the service on it of the garnishee summons, no notices for liens having been served under sec. 1815, S. & B. Ann. Stats., prior to the service of such summons, notwithstanding the direct liability of the company to the men employed by Wolf. The garnishment operated as an assignment of the debt owing by the company to Wolf, and will take precedence of subcontractors' claims for liens, notice of which was given afterward. R. S. sec. 2768; *Dorestan v. Krieg*, 66 Wis. 604; *Hall v. Banks*, 79 id. 236; *Mallory v. La Crosse A. Co.* 80 id. 170, 176–7; 15 Am. & Eng. Ency. of Law, 95; Phillips, Mechanics' Liens, 367–369; *McCullom v. Richardson*, 2 Handy (Cin.), 274; *Copeland v. Manton*, 22 Ohio St. 398; *Sup't Public Schools v. Heath*, 15 N. J. Eq. 22; Brandt, Suretyship, 253; *Ingalls v. Dennett*, 6 Me. 79.

For the respondent there was a brief by *Winkler, Flanders, Smith Bottum & Vilas*, and oral argument by *F. C. Winkler*.

CASSODAY, J.  The statute declares, in effect, that as often as any contractor for the construction of any railroad or part thereof in process of construction shall be indebted to any laborer for thirty days' labor or less, either manual or team labor or both, including team and driver, performed in constructing such road, such laborer may, within thirty days after the claim or demand of such laborer shall have accrued, serve notice in writing thereof on the corporation as therein designated; "*and thereupon* such corporation *shall be directly liable to such laborer* for the amount so due him, provided he bring his action therefor within sixty days after the service of such notice."  Sec. 1815, S. & B. Ann. Stats. (ch. 318, Laws of 1881).  This statute was manifestly intended to make the company absolutely liable, at least to the aggregate amount of the contract price, to such laborers as should serve their notices and commence their actions, respectively, within the times mentioned and as therein designated.  *Drake v. Harrison,* 69 Wis. 99, 2 Am. St. Rep. 717; *Sterling v. Ryan,* 72 Wis. 36, 7 Am. St. Rep. 818; *French v. Langdon,* 76 Wis. 29.  Any payments made to such laborers so serving such notices necessarily operated as payments *pro tanto* to Wolf, and hence the company was directly interested in the payment of such laborers.  The company, therefore, had the right to withhold so much of its indebtedness to Wolf as was necessary to pay such laborers so serving such notices; and the company cannot, without its consent, express or implied, be deprived of such right, either by the act of Wolf, or by garnishment in a suit against him.  *Drake v. Harrison,* 69 Wis. 99.  Wolf's right to recover the whole amount of such indebtedness, therefore, was not absolute, but depended upon contingencies.  This court has repeatedly held, in effect, that a garnishee is not liable, as such, for property, moneys, credits, or effects in his possession or under his control, belonging to the principal defendant, unless the right of the principal

.defendant thereto is *absolute at the time* of the service of the garnishee process. Sec. 2768, R. S.; *Foster v. Singer,* 69 Wis. 392.; *Edwards v. Roepke,* 74 Wis. 575. Where, as here, therefore, the amount of the indebtedness which the garnishee is ultimately liable to pay to the principal defendant depends upon contingencies, such garnishee can only be held liable for so much as shall remain due to such principal defendant upon the determination of such contingencies. *Ibid.* Here it is conceded that there is a considerable amount for which the company is so liable. The plaintiff, however, was unwilling to accept judgment for that amount, but appeals from an order refusing judgment for the whole amount. Of course, the plaintiff is entitled to judgment for so much as the company was indebted to Wolf upon the determination of such contingencies. The case is unlike those cited by counsel, under statutes which freed the owner from liability to subcontractors in case he had paid the principal contractor before receiving notice from the subcontractor.

*By the Court.*— The order of the circuit court is affirmed.