BERNHARDT, Respondent, vs. RICE, imp., Appellant.

*February 11 — March 1, 1898.*

*Liens on logs and lumber: Assignment: Trusts: Evidence.*

1. In an action to enforce a lien upon lumber, etc., under ch. 139, Laws of 1891, evidence that after plaintiff commenced to do the work in defendant's mill, for which the lien was claimed, the mill was in operation cutting lumber; that there were manufactured inch and two-inch hemlock lumber, chair stock, wagon tongues, and the like; and that this was the lumber upon which the lien was claimed, is *held* sufficient to sustain a finding that plaintiff's work was performed in manufacturing *logs* and *timber* into planks, etc.

2. The log-lien law (ch. 139, Laws of 1891) being an independent enactment and not a part of ch. 143, R. S. 1878, and specific provision having been made in it that claims for liens not represented by time orders can be assigned only to persons. claiming a lien upon the same property, *it would seem* that a log lien is not assignable under sec. 3316, R. S. 1878, making a claim for lien under said ch. 143 (which originally covered the subject of log liens) assignable.

3. An instrument, in form an assignment of a log-lien claim, by the terms of which the assignee was to collect the claim and out of the proceeds pay the expenses of collection, then pay certain of the assignor's debts, including a debt to the assignee, and turn over the balance to the assignor, did not amount to an assignment or transfer of the right to the lien so as to destroy the lien, but created certain express trusts in favor of the assignor, who remained the real owner of the claim, with power to control the same at all times. *Caldwell v. Lawrence*, 10 Wis. 331, and *Tewksbury v. Bronson*, 48 Wis. 581, distinguished.

APPEAL from a judgment of the circuit court for Marathon county: CHAS. V. BARDEEN, Circuit Judge. *Affirmed.*

This is an action to recover for labor in a sawmill, and to enforce a lien upon 60,000 feet of lumber which was manufactured in the mill. The defendant Stevens was the owner of the mill, and was the original defendant, and the defendant *Rice* was afterwards interpleaded, and filed an answer, claiming to own the lumber which was attached. The facts in the case were simple and practically undisputed.

The plaintiff went to work October 28, 1895, for the de-. fendant Stevens, at his mill, called the Norwegian mill, in Marathon county. The plaintiff was a millwright, and first repaired the mill and got it ready to run, which work occupied two months; and, after it commenced to run, he took care of the mill and did the filing of the saws. He worked ninety-eight and one quarter days, at $2.25 per day, and stopped March 3, 1896, at which time there was due him $221.06 for his labor, and he then received from Stevens $110.41, leaving due the balance of $110.65, which has never been paid. While the mill was in operation and the plaintiff was in charge of it, doing the filing, there was manufactured in the mill a quantity of inch and two-inch hemlock lumber, chair stock, wagon tongues, and dimension lumber, principally of hard wood. About 60,000 feet of this lumber was attached by the plaintiff in this action. On the 9th of March, 1896, the plaintiff filed his petition for the lien, which it is unnecessary to set forth, as there is no claim but that it was a sufficient petition. Upon the same day, and after filing the petition, the plaintiff and one Graebel executed the following agreement:

"This agreement, made and entered into by and between *Frank Bernhardt*, party of the first part, and Nic. Graebel, party of the second part, witnesseth:

"That WHEREAS, first party has a claim of $110.65 against Alonzo Stevens, for work and labor performed by first party as a millwright during this winter season; and WHEREAS, there has an action been brought by the Mathie Brewing Co. against first party, defendant, and said Alonzo Stevens, garnishee, in which action said garnishee has been adjudged to pay said Mathie Brewing Co., on the 26th day of May, 1896, the sum of $81.20; and

"WHEREAS, party of the first part, being entitled to the said sum of $81.60 as exempt from execution and garnishment, has entered into a settlement with the said Mathie

Brewing Co., whereby he agrees to pay $25.00 to said Mathie Brewing Co., upon discharge of said Alonzo Stevens from garnishment, and out of said claim against Stevens when collected; and

"Whereas, the party of the second part has a claim against the first party of $25.00, balance upon a debt evidenced by order given to him by first party upon said Stevens for $50.00, of which Stevens had paid $25.00:

"Now, therefore, the first party hereby transfers, sells, and assigns all his right, title, and interest, and mainly his right to file and foreclose a lien upon certain lumber being at the said Stevens' mill, the so-called Norwegian mill, in the town of Easton, Marathon county, in the manufacture of which first party has been employed by said Stevens, to the second party, in consideration as follows:

"First. Party of the second part shall collect said claims, and, if necessary, employ an attorney, and pay out the necessary expenses for the collection of said claim.

"Second. Out of the proceeds of said collection, the second party shall first deduct expenses, then take out the $25.00 balance due him on his claim.

"Third. Out of the residue, the said party shall pay to the said Mathie Brewing Co., to be applied upon their judgment against first party rendered in the case aforementioned, the sum of $25.00.

"Fourth. The balance then remaining the party of the second part shall be obliged to pay over to party of the first part."

On the 25th of March, 1896, the parties made another agreement, purporting to terminate the first agreement, which was indorsed thereon, and is as follows:

"It is hereby understood and agreed, upon valuable consideration, that the agency and interest and powers attempted and intended to be created in and conferred upon Nic. Graebel by the agreement of which the foregoing is a

Bernhardt vs. Rice.

copy is hereby terminated, leaving the said *Frank Bern-hardt* in every respect in the same position as if the said agreement had not been entered into at all."

Upon the same day that this second agreement was signed and executed, this action was commenced.

The court found the facts substantially as above stated, and that the amount of $110.65 due the plaintiff was for labor in and about the manufacture of logs and timber into lumber, and that the lumber attached in this action was a part of the lumber so manufactured, and that the plaintiff was entitled to judgment against Stevens for the amount due him, with interest, and was also entitled to a lien there-for upon the lumber attached. From a judgment in accordance with this finding *Rice* appeals.

For the appellant there was a brief by *Mylrea, Marchetti & Bird*, and oral argument by *C. B. Bird*.

For the respondent there was a brief by *Otto Kreuger* and *Bump, Kreutzer & Rosenberry*, and oral argument by *M. B. Rosenberry*. They argued, among other things, that the agreement with Graebel was not by its terms a legal assign-ment. *Bernhardt* reserved to himself the ownership of the claim which he transferred to the control of Graebel merely for the purpose of collection. Under the most favorable construction the latter had but an equitable interest in it. This the respondent might legally do without losing his lien. *Murphy v. Adams*, 71 Me. 113; *Eaton v. Alger*, 47 N. Y. 345, 349; *Edwards v. Campbell*, 23 Barb. 423; *Eaton v. Alger*, 57 id. 179; *Fairbanks v. Sargent*, 6 L. R. A. 475, 117 N. Y. 320; *Caldwell v. Lawrence*, 10 Wis. 331.

WINSLOW, J. The first contention made by the appellant is that the present log-lien law (Laws of 1891, ch. 139) only gives a lien to one who manufactures *logs* or *timber* into lumber, and that the evidence shows that the material which was sawed at the mill in question was *lumber*, and that

Bernhardt vs. Rice.

it was manufactured into dimension stuff, planks, wagon tongues, etc., and hence that there is no lien. The court found, however, that the plaintiff's work was performed in manufacturing *logs* and *timber* into planks, dimensions, wagon tongues, etc. While the evidence is very meager on the point, we regard it as sufficient to warrant the finding. The plaintiff's evidence was uncontradicted, and he states that, after the mill started to run, he took care of it and did the filing, and that after he commenced to do the filing the mill was in operation cutting lumber; that there were manufactured inch and two-inch hemlock lumber, chair stock, wagon tongues, and the like; and that this was the lumber upon which he claimed a lien. In the absence of all other evidence, we think the reasonable inference from this testimony is that the lumber on which the lien is claimed was cut from logs or timber; so this contention must be overruled.

The appellant's second contention is that the plaintiff lost his lien by the assignment thereof to Graebel, who had no claim for a lien upon the property. It seems probable that a log lien is not assignable under sec. 3316, R. S. 1878, which makes a claim for lien under ch. 143, R. S. 1878, assignable. Although this chapter contained provision for log liens, the entire subject of such liens was revised and codified by independent subsequent legislation, and the former provisions contained in the Revised Statutes repealed. See Laws of 1889, ch. 413, and Laws of 1891, ch. 139. The last of these laws is not an amendment to ch. 143, R. S. 1878, but is an independent chapter, and in it specific provision is made for assignment of time checks and time orders, as well as of log-lien claims generally; but the assignment of a claim not represented by a time check or time order can only be made to persons who claim a lien upon the same property. Under familiar principles, these provisions, being specific, seem to limit and control the general

provisions contained in sec. 3316 of ch. 143, R. S. 1878, espe-
cially in view of the fact that the present log-lien law is not
a part of ch. 143. However, we do not regard the agree-
ment with Graebel as an assignment or transfer of the right
to a lien, within the meaning of the rule laid down in
*Tewksbury v. Bronson*, 48 Wis. 581. While the language
of the agreement is that of an assignment, it will be readily
seen that the plaintiff still retained the beneficial interest in
the lien. The claim and lien were not transferred to Grae-
bel as his property to do with as he chose, but simply for
the purposes of collection and application of the proceeds in
a specified way for the benefit of *Bernhardt*. Graebel was
to pay the expenses of collection, then pay certain of *Bern-
hardt's* debts, and pay the balance to *Bernhardt*. The legal
effect unquestionably was that Graebel became a trustee of
certain express trusts, and that *Bernhardt* became the *cestui
que trust*, and remained the real owner of the claim and lien,
and could compel the execution of the trust duties of Grae-
bel, all of which were for *Bernhardt's* benefit. It can make
no difference that one of the debts to be paid was an indebt-
edness to Graebel himself. Graebel's debt was not dis-
charged or paid by the so-called "assignment." *Bernhardt*
could pay Graebel's debt at any time, and thus extinguish
any rights acquired by Graebel. Thus, it appears clearly
that *Bernhardt* was the real party in interest, and had the
power of controlling the claim at all times. The early cases
in this court (*Caldwell v. Lawrence*, 10 Wis. 331, and *Tewks-
bury v. Bronson*, 48 Wis. 581) which hold claims for liens
not to be assignable are cases of legal transfers by absolute
assignment, and are clearly distinguishable from the case
at bar.

*By the Court.*— Judgment affirmed.

BARDEEN, J., took no part.