Matzewitz, Respondent, vs. Wisconsin Central Railway Company, Appellant.

*October 28—November 12, 1909.*

*Railroads: Liability to laborers for contractors: Notice of claim, upon whom served: Assignment of claim: Real party in interest.*

1. Sec. 1815, Stats. (1898),—providing that a laborer to whom a contractor for the construction of a railroad shall be indebted for labor performed in such construction may make the railroad company directly liable by serving notice of his claim upon "an engineer, agent or superintendent" in the employment of the company, "having charge of that part *of the road* on which such

labor was performed,"—does not require the notice to be served upon the particular employee in charge of the *construction work* on that part of the road; the intention being that service should be made upon an employee who would be likely promptly to bring home to the company knowledge of the existence of the claim, rather than upon one who would know whether the claim was legitimate or not.

2. Delivery by the laborer of his time check to another person for collection, writing his name on the back thereof as evidence of the authority, and borrowing a small sum from such person on the claim, did not constitute such a transfer of title as took the claim out of the protection of the statute.

3. The creation of such a mere agency, though coupled with an interest, to collect the claim for the benefit of the laborer, did not make the agent the real party in interest who must be plaintiff in an action to enforce the claim.

APPEAL from a judgment of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge.  *Affirmed.*

Action to enforce a laborer's claim under sec. 1815, Stats. (1898).

The issues raised by the pleadings were closed by these conclusions: In 1907 the defendant was engaged in railroad construction in Douglas county, Wisconsin, under a principal contractor, one Balch, and his subcontractor, Philbrook. The duties of the latter were, in part, to look after the camps, hire and discharge men, keep their accounts, board them, direct them as to their work, and give statements of the amounts due for their work in excess of offsets.    Prior to August 8, 1907, Balch employed plaintiff to work constructing the road at $2 per day, pursuant to which the latter did nineteen and one-half days' grading work between stations 562 and 604. The work commenced August 8 and lasted, continuously, till August 29, 1907.    The amount due and unpaid therefor is $25.73.    At the termination of the work, plaintiff was given by Philbrook, in his representative capacity, a statement of his time, specifying the wages per day, part of the road on which his labor was performed, balance due over all offsets, and the time when such balance was payable, the due date being

September 29, 1907. August 30, 1907, plaintiff employed one Sever to collect his claim. To facilitate the collection, and for no other purpose, plaintiff wrote his name upon the back of his statement, and delivered it to Sever, the latter loaning thereon $5.73, under an agreement for repayment out of the proceeds of the collection. Within thirty days after the due date of the claim, plaintiff, by his attorney, served defendant with a notice in writing, signed by such attorney, stating the facts aforesaid and claiming the benefit of sec. 1815, Stats. (1898). The notice was served on one Gillis, who was then, and when the work was done, the agent, engineer, and superintendent of the road in charge of that part upon which the work was done. He was a proper person upon whom to make the service and he, promptly, sent the notice to his principal at its headquarters. The service was within the thirty days after the due date of the claim, and suit was commenced within sixty days after the service.

On such facts, judgment was ordered in plaintiff's favor and was rendered accordingly.

For the appellant there was a brief by *Luse, Powell & Luse,* and oral argument by *L. K. Luse.* They contended, *inter alia,* that the assignment by plaintiff of his claim destroyed his right to a lien. *Hickok v. Laubssier,* 1 Morris (Iowa) 115; *Weirick v. Mahoning Co. Bank,* 16 Ohio St. 297; *Seymour v. Van Slyck,* 8 Wend. 403, 422; *Ford v. Mitchell,* 15 Wis. 304, 308; 4 Cyc. 44; *Chapman v. Plummer,* 36 Wis. 262, 265; *Wooliscroft v. Norton,* 15 Wis. 198; *Tewksbury v. Bronson,* 48 Wis. 581; *Shearer v. Browne,* 102 Wis. 585, 587; *Fraker v. Reeve,* 36 Wis. 85; *Cummings v. Morris,* 25 N. Y. 625; *Chase v. Dodge,* 11 Wis. 70, 72. The assignment must be construed to be at least an assignment to secure Sever for his payment of $5.73, and that he was to collect and receive the whole claim. The holder of a chose in action as collateral security is the real party in interest and must bring the action, and the assignor for security may not.

*Hilton v. Waring,* 7 Wis. 492; *Curtis v. Mohr,* 18 Wis. 615; *Morgan v. South Milwaukee L. V. Co.* 97 Wis. 275, 277. And this rule applies as well to nonnegotiable instruments as to negotiable. *Archibald v. Mut. L. Ins. Co.* 38 Wis. 542.

For the respondent the cause was submitted on the brief of *D. E. Roberts* and *Michael S. Bright,* attorneys, and *Walter S. Whiton,* of counsel.

MARSHALL, J. Was the person upon whom the notice was served the defendant's engineer, agent, or superintendent, in its employment, having charge of that part of the road on which the labor was performed? It is contended for appellant, that the finding in the affirmative is contrary to the clear preponderance of the evidence, because the statute contemplates that the person upon whom service is required to be made shall be the particular employee, in such charge of the work as to be likely to know the facts in regard to the claim.

We can see no good reason for restricting the plain meaning of the statute by construction. It means, doubtless, just what the ordinary sense of the words signifies. The person upon whom the service must be made, in any such case, is the one who, as engineer, agent, or superintendent for the railroad company, has charge of that *part of the road* on which the labor was performed. It is the one who has such general charge, whatever may be his designation.

Had the legislature intended the service to be made upon the employee in the immediate charge of the construction work, it would have said, in charge of the work instead of *"of the road."* The purpose, doubtless, was to require the service to be made upon an employee of such grade as to be likely to promptly bring home to the corporation knowledge of the existence of the claim, rather than upon one sufficiently in touch with the particular work as to know whether the claim was legitimate or not. Such purpose was not, merely, to enable the particular person, primarily receiving the notice, to report.

the facts, but to reach the corporation and give it reasonable opportunity to protect itself against a double liability which would result by paying the contractor and then having to pay over again to the laborer.

That the person upon whom the notice was served in this case had general authority over that part of the road contemplated by the statute, requisite to competency to receive the service, is amply shown by the evidence.

The claim that the statute should be construed as requiring a notice to be served on the person in the immediate charge "of the construction" of that part of the road in regard to which the labor was performed, when it relates to such construction work, is effectually negatived by the fact that, whereas, formerly, for a long period of time, service, in such cases, was required to be made on the person "in charge of the construction work," the statute was changed to its present form so as to require it to be made on the person "in charge of that part of the road" on which the labor was performed, thus pointing to a person higher up in grade than the one in the immediate charge of construction work.

It is considered that the circumstances, amply shown by the evidence, that the plaintiff merely delivered his claim to a person for collection, writing his name on the back thereof as evidence of the authority, and borrowing a small sum on such claim, warranted the conclusion that there was no parting with the title so as to take the claim out of the protection of the statute, under the doctrine of *Fraker v. Reeve,* 36 Wis. 85, and similar authorities, to the effect that the special statutory provisions for the protection of creditors in particular cases, such as this, do not follow the creditor right into the hands of a purchaser. That does not apply where there is no parting with title to the right by the original creditor, but only the creation of a mere agency, coupled with an interest, to enforce such right, in general, for the benefit of the creditor, as held in *Bernhardt v. Rice,* 98 Wis. 578, 74 N. W.

:370. The logic of that case is that a transfer of a claim which does not pass the beneficial interest is not a sale and ·so is not an attempt to transfer a lien or a claim with a lien incident.

True, a statutory lien incident to a contractual· claim, unless made so by the statute, is not transitory in the sense of being assignable, but, so long as there is no transition of the beneficial interest, there is no severance from the claim, or loss, of the lien incident.

Counsel refer to the rule that he who takes the title to a ·chose in action as security holds the legal title and, ordinarily, in judicial proceedings to enforce it, is the person who must be the plaintiff as the real party in interest; but we must distinguish between a transfer of title carrying the beneficial interest, primarily, though secondarily operating to discharge a debt of the vendor, as in *Fraker v. Reeve, supra,* and the mere creation of an agency to collect and apply or account for the proceeds, as in *Bernhardt v. Rice, supra,* and this case.

*By the Court.*—Judgment affirmed.