BALLEY, Appellant, vs. WISCONSIN CENTRAL RAILWAY COM-
PANY, Respondent.

*February 3—February 22, 1910.*

*Railroads: Liability to laborers for contractors: Notice of claim:
Upon whom served: Sufficiency.*

1. A notice of claim, given pursuant to sec. 1815, Stats. (1898), for
   the purpose of making a railroad company directly liable for
   indebtedness of a contractor for labor performed in the con-
   struction of the railroad, is *held,* following *Matzewitz v. Wis.
   Cent. R. Co.* 140 Wis. 643, to have been served upon a proper
   employee of the company.
2. Where, in such case, the person who employed the claimant had
   no contract relations with the railroad company, but was either
   a foreman or a subcontractor of the principal contractor for the
   construction work, and the principal contractor had made pay-
   ments directly to the claimant and other employees so that
   they might well have assumed that they were working directly
   for him, a notice, otherwise sufficient, in which the claimant
   stated that the amount owing him was due from such princi-
   pal contractor, performed all the functions contemplated by the
   statute (sec. 1815, Stats. 1898), and was a substantial compli-
   ance therewith, even if the claimant's employer was in fact a
   subcontractor.

APPEAL from a judgment of the superior court of Douglas
county: CHARLES SMITH, Judge. *Reversed.*

The complaint in this action alleged that between the 8th
and 29th days of August, 1907, the plaintiff performed work
as a railroad laborer for H. F. Balch in constructing a por-
tion of the defendant's line of road, upon which account said
Balch became indebted to the plaintiff in the sum of $26.73,
which amount became due and payable on the 20th day of
September, 1907; that such indebtedness was not paid, and
that within thirty days from the time same became due and
payable plaintiff served a notice in writing upon the defend-
ant railway company, as required by sec. 1815, Stats. (1898),
in order to render the defendant herein liable on said ac-

count; and that suit was commenced within sixty days after the claim became due and payable and said notice was served. The answer was a general denial.

Plaintiff had judgment in the municipal court of Douglas county. An appeal was taken to the superior court of said county. At the close of the plaintiff's testimony the defendant moved for a nonsuit on the ground that the notice was not served upon the proper person, and that it did not comply with the statute in that it did not name the person who was indebted to the plaintiff. The motion was granted, and from judgment of nonsuit this appeal is taken.

For the appellant there was a brief by *Michael S. Bright* and *D. E. Roberts,* attorneys, and *Walter S. Whiton,* of counsel, and oral argument by *Mr. Roberts.*

For the respondent there was a brief by *Luse, Powell & Luse,* and oral argument by *L. K. Luse.*

BARNES, J. The appellant contends that the case at bar presents the identical questions that were passed upon and decided in *Matzewitz v. Wis. Cent. R. Co.* 140 Wis. 643, 123 N. W. 121, and that the judgment appealed from must be reversed if that case is followed. The respondent, on the contrary, argues that the judgment should be affirmed: (1) because the evidence showing the character of Gillis's employment by the railway company is different from that given on the trial in the *Matzewitz Case;* and (2) because the evidence in the present case conclusively shows that Philbrook employed the plaintiff in his character as a subcontractor of the principal contractor, Balch, and not as foreman for the latter, and that therefore the notice served on the defendant pursuant to the provisions of sec. 1815, Stats. (1898), was fatally defective in naming Balch as the contractor for whom the work was performed, instead of Philbrook.

1. Mr. Gillis was sworn as a witness in the *Matzewitz Case* and also in the case at bar. The only evidence offered

in either case in reference to his connection with the defendant railway company was given by himself. We are unable to discover any material difference between the testimony given by him on the two trials, and on the authority of the case already cited we must hold that the notice was served on a proper party.

2. The witness Parker testified positively and directly to a state of facts which would clearly indicate that Philbrook was a subcontractor of, rather than a foreman for, the principal contractor. The evidence of Philbrook is somewhat vague upon the point, but on the whole conveys the impression that he acted in the capacity of foreman. If this court were passing upon the question as an original proposition, it would have little difficulty in concluding, on the present state of the evidence, that Philbrook was a subcontractor. But we do not think the evidence is so clear that the question is not one that should be submitted to a jury, or that a verdict finding that Philbrook was a foreman could not be permitted to stand. But, assuming that Philbrook was a subcontractor, it does not follow that the notice was insufficient. This court held in *Mundt v. S. & F. du L. R. Co.* 31 Wis. 451, that sec. 1815, Stats. (1898), should be liberally construed in favor of the laborer for whose benefit it was passed. The obvious purpose of requiring notice to be served upon the railway company is to enable it to call upon the contractor with whom it is dealing to settle the claim, and, in the event of his failure so to do, to protect itself by reserving out of the moneys due or to become due to the contractor a sum sufficient to pay it. *Vollmer v. C. & N. W. R. Co.* 86 Wis. 305, 56 N. W. 919. The evidence here shows that Mr. Balch had the contract for building the railroad from Ladysmith to Superior. Presumably the railway company dealt with Balch, and he dealt with his subcontractors, and the railway company had nothing to do with the latter. The notice here given was certainly as effectual for preserving the rights of the railway company as it would have been had it named Philbrook as the

contractor, a party with whom the railway company had no contract relations. But, if the statute requires a certain notice to be served, it may well be said that the court has no right to substitute something therefor that may in its opinion be just as good. After all it is for the legislature, and not for the courts, to prescribe the form of this notice and what it must contain, and the legislature has said that the notice must contain the name of the contractor from whom the amount claimed is due.

In the present case it might be difficult for the laborers to ascertain from Philbrook, their employer, whether he was acting as foreman or subcontractor. He did not seem to be any too clear on the subject himself, but carries the impression by his evidence that he was simply a foreman. In this connection the evidence of Parker is significant. He was walking boss for Balch. He testified that he saw that pay rolls were correctly made out from the different subcontractors, and that he sent them to Mr. Balch's paymaster at Minneapolis, who returned to him the checks to pay the men. Sometimes these checks were handed to the men by Parker and sometimes they were delivered to the contractor for distribution. They were Balch's checks, and the men were paid directly by him, whether they worked for his subcontractors or his foremen. Philbrook started work in June and quit in September. Balch paid his men for June and July. He refused to pay for August, probably because Philbrook ran behind. Balch agreed to build the portion of the railroad on which plaintiff performed his work. He appears to have made it a practice to pay the laborers who were employed in doing that work, whether they were employed directly or through the agency of subcontractors. The laborers might well have assumed, in the absence of some showing of knowledge to the contrary, that they were in fact working directly for Balch. It is apparent from the notice itself that the plaintiff relied on such assumption. It may also well be that by placing Philbrook in the situation in which he did place

him, and by paying the men employed by him, Balch could not be heard to say that the indebtedness to the laborers was not his, but was that of some one else.    *Sterling v. Ryan,* 72 Wis. 36, 37 N. W. 572; *French v. Langdon,* 76 Wis. 29,. 44 N. W. 1111.    Be this as it may, we think the notice served performed all the functions contemplated by the statute and was a substantial compliance therewith.

*By the Court.*—The judgment of the superior court is reversed, and the cause is remanded for further proceedings. according to law.